HARDY, Judge.
This suit is in the nature of an action for breach of contract in which plaintiff seeks judgment in the principal sum of $279.04, alleged to be necessary for repairs to and parts for a Neon sign installed by defendant. To the action defendant interposed an exception of no cause and no right of action which was referred to the merits and which exception is not urged on this appeal. In answer to plaintiff’s petition defendant generally and specifically denied plaintiff’s claims and, in reconvention, sought judgment in the sum of $303. After trial there was judgment rejecting plaintiff’s demand and defendant’s reconventional demand, from which judgment plaintiff has appealed.
Under the provisions of a written agreement executed by the parties on May 14, 1955, defendant erected and installed a neon *762 sign at plaintiff’s place of business in Webster Parish. Plaintiff complains that the sign did not operate properly; was defective in a number of enumerated particulars, and claims the sum of $279.04 as the amount necessary to place the sign in satisfactory operating condition. Plaintiff bases his claim upon the provision of the contract which reads as follows:
“This sign is guaranteed for a period of one year from date against mechanical and electrical defects.”
Defendant denies any fault in the erection and installation of the sign; contends that the faulty operation is due to plaintiff’s failure to furnish and maintain ample outlets and current and, further, to plaintiff’s negligence in overloading the electrical circuits. Defendant predicates his defense upon plaintiff’s violation of the provision of the contract which reads as follows:
“Customer to furnish electrical outlets and sufficient and ample electricity to properly and adequately burn sign and in event additional loads are put on line after signs are installed company assumes no responsibility as to effective burning or lighting of signs or tubing.”
Examination of the evidence in the record convinces us that each of the parties has abundantly established a number of the claims of faults of omission and commission urged against the other. Unquestionably the sign has not functioned properly since its installation, but it is equally apparent from the evidence that plaintiff has been guilty of overloading the electrical circuit and failing to provide sufficient outlets.
Concededly, the issue tendered on this appeal exclusively concerns questions of fact, and we find no error in the conclusions reached by the district judge, who observed that the whole deal between the parties was obviously a “cheap” arrangement. The testimony is somewhat technical and we think no useful purpose would be served m recapitulating the opinions of the several witnesses. Plaintiff has failed to establish the liability of defendant and to exculpate himself from fault by the requisite preponderance of the evidence.
The reconventional demand of defendant is not at issue inasmuch as no answer to the appeal was filed in his behalf.
Finding no error in the judgment complained of, the same is affirmed at appellant’s cost.